| | |
|---|---|
| PEGGY L. SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )      ORDER |
| | ) |
| CONVERGYS CUSTOMER MANAGEMENT | ) |
| GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on defendant's Motion for Summary Judgment, plaintiff's Response, and defendant's Reply. On November 9, 2015, the court heard oral arguments.

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252. The court finds that, as to certain disability related claims, it is not.

Defendant contends that plaintiff was terminated from her employment after scoring a number of points based on being tardy to work and based on failure to show up for work without first calling. While not contesting the accuracy of defendant's time keeping, plaintiff contends that her time and attendance issues were caused by defendant's failure to provide her with a reasonable accommodation for deafness and that she was wrongfully terminated. Specifically, she

contends that defendant: (1) discriminated against her in violation of the Americans with Disabilities Act, as amended ("ADA") and under North Carolina's wrongful discharge law; (2) retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); and (3) interfered and retaliated against her in violation of the Family and Medical Leave Act ("FMLA"). Complaint (#1) at ¶¶ 52, 58, 68, 71). The court agrees with defendant that plaintiff has not pled, much less come forward, with any facts that would support any Title VII action or any action under the FMLA, and will grant summary judgment as to those claims for the reasons argued by defendant in its supporting and reply memoranda.

As to plaintiff's disability based claims, defendant leans heavily on plaintiff's deposition testimony that she believed her employment was terminated because of her attendance record, Pl. Dep. 148:25 – 149:14), and that when asked whether she believed her termination was based on her disability, she stated "I don't know what the reason she wanted to get rid of me." Id. at 152:10 – 152:13. Such answers in and of themselves do not make resolution of plaintiff's disability claims so "one-sided that one party must prevail as a matter of law." Anderson, supra, at 252. What plaintiff appears to be claiming in her *verified* Complaint is while she was terminated for time an attendance issues, those issues were directly linked to defendant's failure to provide her a reasonable accommodation, to wit, an amplified, side specific phone headset for her hearing loss. Indeed, plaintiff has presented evidence that when she complained of hearing loss in an earlier charge to the EEOC, defendant responded and provided the needed amplified, side-specific headset. That device, however, broke and/or was taken away in part by other employees and never repaired and replaced in plaintiff's last six months of employment. Further, plaintiff's evidence when viewed in a light most favorable to her shows temporal proximity between the failure of

defendant to continue to provide plaintiff with the accommodation and her attendance issues. While defendant argues that plaintiff had no substantive performance issues despite the lack of the device in her last six months – thereby showing she was able to do the work without such accommodation – the court believes such conclusion by defendant is not an endpoint. Even if the court were to accept as true that plaintiff's substantive performance was not diminished when the device was not available, such post-hac reasoning fails to take into consideration that a hearing disabled person would be motivated to find and use a hearing enabling device to aid them in accomplishing their work without the discomfort of straining to hear a caller.

Defendant also puts great stock in the fact that plaintiff was not required to first find her device before clocking in and argues that she could have simply gone to the nearest computer and logged into the system and been on time. In the Order setting oral arguments, the court specifically asked counsel to be prepared to discuss whether an employee would be able, after clocking in on one computer, to go to another computer with a compliant device and work without being. The defendant's answer was not entirely clear and at best it appeared that plaintiff could go to a second computer, but would have to remain logged in on the first computer causing a great deal of confusion for management. Finally, plaintiff has presented some evidence that her troubles also coincided with the arrival of a new manager/team leader, Zena Henry, who knew that the amplifier was non-operative while she was plaintiff's team leader, but did not secure a replacement amplifier before terminating plaintiff's employment with approval from Human Resources.

A federal cause of action for discrimination in employment based upon disability requires allegations and ultimately proof that plaintiff: (1) is an individual with a disability (or perceived as such a person); (2) is otherwise qualified to perform job requirements, with or without

reasonable accommodation; and (3) was discharged solely by reason of a disability. <u>Doe v. University of Maryland Medical Sys. Corp.</u>, 50 F.3d 1261, 1265 (4th Cir.1995); 42 U.S.C. § 12112(a).   While defendant argues that plaintiff's admission in her response that she was discharged based on time and attendance issues is wholly dispositive under <u>Doe</u>, the proffered facts underlying this particular claim do not lead the court to the same conclusion.  Considered in alight most favorable to the party resisting summary judgment, a reasonable inference arises that while time and attendance was the reason for termination, plaintiff's time and attendance issues were in turn caused by defendant's failure to provide or continue to provide plaintiff with a reasonable accommodation.  Unlike most disability cases where the failure to provide a reasonable accommodation interferes with or makes the substantive work more difficult, plaintiff contends that the difficulty encountered in securing the accommodation also interfered with her procedural ability to clock in for work in a timely manner.  Read most liberally, plaintiff has proffered sufficient evidence from which a reasonable inference could be drawn that she was discharged based solely on her disability.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Summary Judgment (#17) is:

(1)    **GRANTED** in part and plaintiff's Title VII and FMLA claims are **DISMISSED** with prejudice;

(2)    **DENIED** in part and plaintiff's ADA and state wrongful discharge claims are allowed to move forward to trial.  Such denial is, however, without prejudice to renewal of the

motion for summary judgment in the form of a motion for judgment as a matter of law under Rule

50(a) at the close of plaintiff's evidence.

Signed: November 17, 2015

Max O. Cogburn Jr
United States District Judge